# EXHIBIT A

earing Date: 4/24/2026 10:30 AM
ocation: Court Room 2102
Judge: Atkins, David B.

Case: 1:26-cv-03871 Document #: 1-1 Filed: 04/07/26 Page 2 of 14 PageID #:10

12-Person Jury

For updated information about your case, including hearings, subsequent filings
and other case information, please visit our Online Case Search
and search for your case: https://casesearch.cookcountyclerkofcourt.org

**CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
2/23/2026 12:00 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2026CH01647
Calendar, 16
36770021

| | |
|---|---|
| JOHN ADAMS, individually and on behalf of similarly situated individuals, | ) ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) ) |
| GOOGLE LLC, a Delaware limited liability company, | ) ) ) ) |
| *Defendants.* | ) ) ) ) |

No. 2026CH01647

Hon.

## CLASS ACTION COMPLAINT & JURY DEMAND

Plaintiff, John Adams ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant Google LLC ("Defendant" or "Google") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including facial scans, fingerprints and voiceprints. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2. This case concerns the misuse of individuals' biometric information by Defendant Google — the developer and provider of a suite of artificial intelligence products and services marketed under the name "Gemini" (the "Gemini Platform" or "Gemini"). The Gemini Platform

1

includes a family of multimodal AI models and consumer-facing applications capable of processing and generating text, images, audio, video, and code, including but not limited to AI-powered chatbot services.

3.      The Gemini Platform contains image-generation and image-editing capabilities that allow users to upload photographs and other visual media and modify them through natural-language prompts. In operating these features, Defendant captures, collects, stores, and otherwise uses scans of facial geometry and other biometric identifiers and biometric information — as those terms are defined under BIPA, 740 ILCS 14/10 — belonging to Plaintiff and the other Class members, without first obtaining the informed written consent required by 740 ILCS 14/15(b).

4.      BIPA provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they first:

(1)    inform the person whose biometrics are to be collected *in writing* that biometric identifiers or biometric information will be collected or stored;

(2)    inform the person whose biometrics are to be collected *in writing* of the specific purpose and the length of term or which such biometric identifiers or biometric information is being collected, stored and used;

(3)    receive a *written release* from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric information; and

(4)    publish publicly available retention guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).

5.      Compliance with BIPA is straightforward and may be accomplished through a single, signed sheet of paper. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

6.      In operating the Gemini Platform's image-editing features, Defendant extracts and uses scans of facial geometry and other biometric identifiers and biometric information from photographs uploaded by users for the purpose of processing and editing those photographs.

7.      The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers can be changed. Biometrics, however, are biologically unique to each individual and, once compromised, such individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. The risk is compounded when a person's biometrics are also associated with their other personally identifiable information.

8.      The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

9.      Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating Plaintiff's Illinois state privacy rights.

10.     On Plaintiff's own behalf, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages under BIPA to the Class members, together with costs and reasonable attorneys' fees.

3

## THE PARTIES

11. At all relevant times, Plaintiff John Adams has been a resident of the state of Illinois.

12. Defendant Google LLC is a limited liability company organized under the laws of Delaware and registered with the Illinois Secretary of State to transact business in Illinois, including in Cook County.

## JURISDICTION AND VENUE

13. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States because Defendant is doing business within this state, and because Plaintiff's claims arise out of Defendant's unlawful in-state actions as Defendant captured, collected, and used Plaintiff's biometric identifiers and/or biometric information in this State.

14. Venue is proper in Cook County because Defendant is doing business in Cook County and thus resides there under 735 ILCS § 5/2-102(a).

## FACTUAL BACKGROUND

15. Google's Gemini is a family of artificial intelligence models and consumer-facing AI services developed as advanced multimodal systems capable of processing and generating text, images, audio, video, and code.

16. Introduced publicly in 2023 and integrated across numerous Google products and services, Gemini has been positioned as a next-generation AI platform intended to compete with other large language and multimodal models in the marketplace. Gemini powers conversational interfaces, enterprise tools, application programming interfaces (APIs), and features embedded within widely used consumer applications.

4

17. Gemini operates by processing vast quantities of data to identify patterns and generate outputs that resemble human-created content. It is designed to respond to user prompts, answer questions, summarize materials, draft documents, create images, and perform other generative tasks. Google's Gemini can be accessed by anyone at https://gemini.google.com/.

18. In addition to text generation, Gemini includes image-generation and image-editing capabilities that allow users to upload or create photographs and other visual media and then modify them through natural-language prompts. These photo-editing functions include altering backgrounds, inserting or removing objects, modifying lighting or stylistic elements, generating synthetic imagery, and producing photorealistic composites that may be difficult to distinguish from unedited photographs.

19. Notably, Gemini's image-editing tools can be applied to photographs depicting identifiable individuals. Users often submit images of real people and request alterations to their appearance, surroundings, clothing, facial expressions, or physical attributes. The system is capable of generating modified or entirely synthetic depictions that resemble particular individuals, including realistic changes to their facial features, posture, age, setting, or context. Such capabilities enable the rapid creation and dissemination of altered images portraying individuals in situations or environments that may not reflect reality.

20. Gemini's image-editing and generation features have been integrated into various Google services and devices, enabling users to create and manipulate visual content with minimal technical expertise. By permitting the alteration of photographic content—including images of identifiable persons—through simple text instructions, Gemini expands the accessibility, speed, and scale at which digital images may be modified or fabricated. Unfortunately, the scope of this

5

functionality—including its capacity to generate and edit photorealistic imagery of real individuals as described above, necessarily collects, captures and uses facial geometry.

21. Defendant's Gemini Platform through its image-generation and image-editing capabilities, allowing users to upload or create photographs and other visual media and then modifying their uploaded photographs through natural-language prompts, necessarily include the extraction of the users' unique facial features.

22. Facial geometry and the biometric information derived therefrom is regulated by BIPA.

23. In violation of BIPA, Google failed to inform its users, including Plaintiff, that their biometrics were being collected, captured, received through trade, or otherwise obtained when they were using the Gemin Platform's Software image-editing capabilities and failed to obtain any written consent from them to do so, as required by 740 ILCS 14/15(b).

24. Similarly, in violation of 740 ILCS 14/15(a), Google did not make publicly available any biometric retention policy that disclosed how long it stored the biometrics it collected.

25. To this day, Plaintiff is unaware of the status of his biometrics obtained by Defendant.

26. By failing to comply with BIPA, Defendant has violated Plaintiff's substantive Illinois state rights to biometric information privacy.

## FACTS SPECIFIC TO PLAINTIFF

27. Like thousands of other Illinois residents, Plaintiff John Adams had his biometrics collected by Defendant when he uploaded his own photograph to Gemini for photo editing purposes.

6

28.    Specifically, in or around November 2025, Plaintiff uploaded a photograph of himself to Gemini at https://gemini.google.com/ and through a series of text prompts, Plaintiff requested Google's Gemini to perform a series of photo editing tasks and was subjected to Defendant's biometric-enabled Gemini Platform in Illinois through his desktop browser in Illinois.

29.    After successfully uploading a close-up photograph depicting his face, Plaintiff made a series of text prompt requests through Gemini's Platform including: "(i) can you make a professional profile picture that I can use in places like LinkedIn?"; (ii) "make me wear a suit and also tidy up my hair a bit at the very minimum"; (iii) "I am not balding"; (iv) "also should wear a suit and make hair bit more realistic. Maybe tone my dark under eyes too."

30.    Using its powerful AI systems, Defendant captured Plaintiff Adam's facial geometry in order to generate numerous edited photos of Plaintiff.

31.    Gemini did generate the numerous edited AI photographs depicting Plaintiff's face.

32.    Plaintiff Adams, like thousands of Illinois residents who interacted with Defendant's Gemini Platform, never provided written consent for Defendant to capture, collect, or store his facial geometry.

33.    By failing to comply with BIPA, Defendant has violated Plaintiff Adam's substantive Illinois state rights to biometric information privacy.

## CLASS ALLEGATIONS

34.    Pursuant to 735 ILCS § 5/2-801, Plaintiff brings this action on his own behalf and on behalf of a class (the "Class") defined as follows:

> **The Class:** All individuals whose biometric identifiers or biometric information were captured, collected, received through trade, or otherwise obtained within the state of Illinois through https://gemini.google.com/ or through other integrations of Defendant's Gemini Software at any time within the applicable statute of limitations.

7

35.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family of such officer or director.

36.     There are thousands of members of the Class, making the members of the Class so numerous that joinder of all members would be impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

37.     Plaintiff's claims are typical of the claims of the Class he seeks to represent, because the basis of Defendant's liability to Plaintiff and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class.

38.     There are many questions of law and fact common to the claims of Plaintiff and the Class and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

    a.  Whether Defendant's conduct is subject to BIPA;

    b.  Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

    c.  Whether Defendant obtained a written release from the members of the Class before capturing, collecting, receiving through trade, or obtaining their biometrics;

    d.  Whether Defendant provided a written disclosure to the members of the Class that explained the specific purposes, and the length of time, for which biometrics were being collected, stored, received through trade, or otherwise obtained before taking such biometrics;

    e.  Whether Defendant's conduct violates BIPA;

8

f. Whether Defendant's BIPA violations are willful or reckless; and

g. Whether Plaintiff and the other members of the Class are entitled to damages and injunctive relief under BIPA.

39. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

40. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class.

41. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class and requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNTS I-V

### Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* (On behalf of Plaintiff Adams and the Class)

42. Plaintiff Adams incorporates the foregoing allegations as if fully set forth herein.

43. Defendant Google LLC is a private entity under BIPA.

9

44. BIPA requires that private entities, such as Defendant, obtain informed written consent from individuals before acquiring their biometrics. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entities] first: (1) informs the subject ... in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . .." 740 ILCS 14/15(b).

45. BIPA also requires that a private entity in possession of biometric identifiers and/or biometric information establish and maintain a written, publicly available retention policy and guidelines for permanent deletion of such biometrics. 740 ILCS 14/15(a).

46. Plaintiff Adams and the other Class members have had their "biometric identifiers," namely their facial geometry, collected, captured, retained through trade, or otherwise obtained by Defendant in Illinois through Defendant's Gemini Platform. 740 ILCS 14/10.

47. Each instance when Plaintiff Adams and the other Class members uploaded their photographs depicting their faces to Gemini's biometric-based platform for photo-editing tasks, Defendant captured, collected, received through trade, stored, and used Plaintiff's and the other Class members' facial geometry without valid written consent in violation of BIPA.

48. Defendant's practices with respect to capturing, collecting, receiving through trade, storing, and using its users' facial scan biometrics failed to comply with the following applicable BIPA requirements:

10

I. Defendant failed to inform Plaintiff Adams and the other members of the Class in writing that their facial geometry (and associated biometric information) was being captured, collected, received through trade, stored, and/or used prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

II. Defendant failed to inform Plaintiff Adams and the other Class members in writing of the specific purpose for which their facial geometry (and associated biometric information) was being captured, collected, received through trade, stored, and/or used, as required by 740 ILCS 14/15(b)(2);

III. Defendant failed to inform Plaintiff Adams and the other Class members in writing the specific length of term their facial geometry (and associated biometric information) was being captured, collected, received through trade, stored, and/or used, as required by 740 ILCS 14/15(b)(2);

IV. Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3); and

V. Defendant failed to provide a publicly-available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a).

49. Defendant knew, or was reckless in not knowing, that the biometric technology that it utilized, and which thousands of individuals within Illinois interacted with, would be subject to the provisions of BIPA, yet failed to comply with the statute.

50. By capturing, collecting, storing, and using Plaintiff Adam's and the other members' facial scan biometrics as described herein, Defendant denied Plaintiff Adams and the

11

other Class members their rights to statutorily-required information and violated their respective rights to biometric information privacy, as set forth in BIPA.

51.    BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)–(2).

52.    Defendant's violations of BIPA were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

53.    Accordingly, with respect to Counts I-V, Plaintiff Coleman, individually and on behalf of the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Adams, on behalf of himself and the proposed Class, respectfully request that this Court enter an Order:

a.    Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b.    Declaring that Defendant's actions, as set forth herein, violate BIPA;

c.    Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

d.    Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(2);

e.    Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(1);

12

f.   Awarding reasonable attorneys' fees, costs, and other litigation expenses, pursuant to 740 ILCS 14/20(3);

g.   Awarding pre- and post-judgment interest, as allowable by law; and

h.   Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: February 22, 2026                    Respectfully submitted,

JOHN ADAMS, individually and on
behalf of similarly situated individuals,

By: /s/ *Andrew T. Heldut*
One of Plaintiff's Attorneys

David L. Gerbie
Andrew T. Heldut
Donald Cuba
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl. (Firm ID: 56618)
Chicago, IL 60601
Tel: (312) 893-7002
dgerbie@mcgpc.com
aheldut@mcgpc.com
dcuba@mcgpc.com

*Counsel for Plaintiff and the putative
Class*

13